**FILED**

SEP - 3 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

1  LAWRENCE BREWSTER, Regional Solicitor
   DAVID M. KAHN, Counsel for Employment Standards
2  NORMAN E. GARCIA, Senior Trial Attorney
   California State Bar Number 215626
3  United States Department of Labor
   Office of the Solicitor
4  90 Seventh Street, Suite 3-700
   San Francisco, California 94103
5  Telephone: (415) 625-7747
   Facsimile: (415) 625-7772
6  email: Garcia.norman@dol.gov

7  Attorneys for Plaintiff, Hilda L. Solis, Secretary
8  United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | Case No.: 2:09-cv-03340-JAM-KJM |
| Plaintiff, | CONSENT JUDGMENT FOR DEFENDANT BRIAN ELLIS |
| v. | |
| H & M ROOFING, INC., a corporation; TOD MARSTON, an individual; BRIAN ELLIS, an individual; and TOM HORAN, an individual, | |
| Defendants. | |

Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor (the "Secretary") having filed her complaint, and Defendant Brian Ellis ("Defendant Ellis") having appeared through counsel, having answered the complaint, having been duly advised on the proceedings, without admitting to the allegations contained within the complaint, agrees to the entry of this Consent Judgment in settlement of this case without contest.

*Consent Judgment*                                                                                                   1

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, (hereafter the "Act" or the "FLSA"), that Defendant Ellis, his officers, agents, servants, employees, and all persons in active concert or participation with him be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

1. Defendant Ellis shall not, contrary to sections 6 and 15(a)(2) of the Act, pay any of his employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act).

2. Defendant Ellis shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of his employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed.

3. Defendant Ellis shall not fail to make, keep and preserve records of his employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR Part 516.

4. Defendant Ellis shall not withhold the payment of $7,500 which represents a portion of the unpaid overtime compensation hereby found to be due, for the period from May 1, 2005, to October 31, 2005, to the present and former employees named in Exhibit A, attached hereto and made a part hereof.

*Consent Judgment*                                                              2

5. Defendant Ellis shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to him or to someone else for him, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall Defendant Ellis accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendant Ellis discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from Defendant under the provisions of this judgment or the Act.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the Act, in favor of the Secretary and against Defendant Ellis in the total amount of $15,000.

6. Without admitting to the allegations stated in the Complaint filed in this matter, Defendant Ellis agrees to pay to the Secretary the sum of $7,500, which represents a portion of the unpaid overtime compensation hereby found to be due, for the period from May 1, 2005, to October 31, 2005, to the present and former employees named in Exhibit A, attached hereto and made a part hereof. This payment will be made in installments as set forth in paragraph 8 below.

7. Defendant Ellis shall further pay to the Secretary as liquidated damages the additional sum of $7,500 hereby found to be due, for the period from May 1, 2005, to October 31, 2005, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein. This payment will be made in installments as set forth in paragraph 8 below.

8. The provisions of paragraphs 4, 6 and 7 of this Consent Judgment will be deemed satisfied where Defendant Ellis complies with the following provisions:

*Consent Judgment* 3

a. Defendant Ellis shall repay the back wages and liquidated damages described in paragraphs 6 and 7 above by making payments in accordance with the terms set forth in subparagraph 8b below (and as set forth in attached Exhibit B). Defendant Ellis shall pay 1% annual interest, in 12 monthly installments, in accordance with the terms set forth in paragraph 8b (and as set forth in attached Exhibit B). Defendant Ellis may pay the remaining balance due in full at any time with no additional penalty or interest.

b. Defendant Ellis shall cause to be delivered to the Wage and Hour Division, United States Department of Labor, Wage and Hour Division, Sacramento District Office, Federal Building, 2800 Cottage Way, Room W-1866; Sacramento, California 95825-1846, on or before the first day of every month (i.e., November 1, December 1, January 1, etc.) thereafter until the back wage recovery and liquidated damage provisions of this Judgment have been satisfied in full, A check or money order with his name, Brian Ellis, and "Back Wages, Liquidated Damages, and Interest" written on it, payable to the order of the "Wage & Hour Div., Labor," in the amount due at the time of the payment as set forth in attached Exhibit B. Defendant Brian Ellis is responsible to ensure that the accounts from which the checks are issued have and retain at all times and until all such checks are cashed sufficient funds to cover the cashing of such checks.

c. In the event of any default in the timely making of any payment due under this Consent Judgment, the full gross amount (under the back wage and liquidated damages provisions of this Judgment) that then remains unpaid (plus post-judgment interest, from the date of this Judgment until the full amount is paid in full, at the rate of 10 percent per annum on the full balance outstanding from time to time, from the date of this Judgment until this Judgment is paid in full) shall become due and payable upon Plaintiff sending by ordinary mail a written demand to the last address of Defendant Ellis known to the Plaintiff; the manner of the immediate payment shall in the case of the back wages and liquidated damages be a certified or

*Consent Judgment* 4

cashier's check or money order with the firm name and civil action number from the caption on the first page of this Judgment and "net back wages and liquidated damages" written thereon payable to the order of the "Wage & Hour Div., Labor," and shall in the case of the interest on the back wages and liquidated damages be a separate certified or cashier's check or money order with the firm name and civil action number and "back wage and liquidated damage interest" written thereon payable to the order of the "Wage & Hour Div., Labor." For the purposes of this paragraph, a "default" is deemed to occur if payment is not delivered within 5 days of the due date.

9. The Secretary shall allocate and distribute the remittances, or the proceeds thereof, less deductions for employees' share of Social Security and withholding taxes to the persons named in the attached Exhibit A, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

10. The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the Exhibit A attached to the Consent Findings and incorporated hereto by reference, nor as to any employee named on the Exhibit A for any period not specified herein for the back wage recovery provisions.

11. The Secretary shall be responsible for deducting from the amounts paid to said persons at Exhibit A, the employee's share of federal withholdings and for remitting said withholdings to the appropriate federal agencies.

12. Each party to this agreement shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

*Consent Judgment* 5

1  ORDERED that this Court shall retain jurisdiction of this action for purposes of
2  enforcing compliance with the terms of this Consent Judgment.
3  Dated this 3rd day of September, 2010.

JUDGE JOHN A. MENDEZ
U.S. DISTRICT JUDGE

Defendant Brian Ellis hereby consents to the entry of this judgment on this 2nd day of September, 2010.

GEORGE MURPHY
Murphy, Campbell, Guthrie & Alliston
8801 Folsom Blvd., Suite 230
Sacramento, CA 95826
(916) 400-2300 x205
Fax: (916) 400-2311
Attorney for Defendant Brian Ellis

BRIAN ELLIS

Dated: September 3, 2010

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DAVID M. KAHN
Counsel for Employment Standards

NORMAN E. GARCIA
Senior Trial Attorney
Attorneys for U.S. Department of Labor

*Consent Judgment*                                                            6

# EXHIBIT A

| EMPLOYEE | EMPLOYEE |
|---|---|
| Maurilio Garcia Bedolla | Jose Salazar-Jaramillo |
| Pablo Garcia Bedolla | Ruben Silvestre |
| Pedro Garcia Bedolla | Saul Soria |
| Carlos J. Casanova | Oscar Valadez |
| Leticia Ceja | Cher Vang |
| Carlos Arellano Escobar | Jose Vasquez |
| Hugo Garcia | |
| Javier Garcia | |
| Jorge Garcia | |
| Jose G Jimenez | |
| Jose Jimenez Jr. | |
| Jose Jimenez Sr. | |
| Lorenzo Lopez | |
| Jose Lozano | |
| Oscar Lozano | |
| Ricardo Marquez | |
| Joseph M. McCorckle | |
| Arturo Meza | |
| Miguel Meza | |
| Ricardo Moreno | |
| Jose Ortega | |
| Oscar Perez-Palacios | |
| Jesus Rangel | |
| Rogelio Rangel | |
| Jose Refugio | |
| Miguel Romo | |
| Gerardo Romo Perez | |
| Victor Romo Perez | |

**EXHIBIT B**

| Payment Due Date | Gross BWs and LDs Due | Post Judgment Interest Due | Total Due |
|---|---|---|---|
| November 1, 2010 | $1,250 | $6.78 | $1,256.78 |
| December 1, 2010 | $1,250 | $6.78 | $1,256.78 |
| January 1, 2011 | $1,250 | $6.78 | $1,256.78 |
| February 1, 2011 | $1,250 | $6.78 | $1,256.78 |
| March 1, 2011 | $1,250 | $6.78 | $1,256.78 |
| April 1, 2011 | $1,250 | $6.78 | $1,256.78 |
| May 1, 2010 | $1,250 | $6.78 | $1,256.78 |
| June 1, 2010 | $1,250 | $6.78 | $1,256.78 |
| July 1, 2010 | $1,250 | $6.78 | $1,256.78 |
| August 1, 2010 | $1,250 | $6.78 | $1,256.78 |
| September 1, 2010 | $1,250 | $6.78 | $1,256.78 |
| October 1, 2010 | $1,250 | $6.78 | $1,256.78 |
| **Totals:** | $15,000 | $81.36 | $15,081.36 |

*Consent Judgment*