IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HILDA SOLIS,

    Plaintiff,                                    No. CIV S-09-3340 JAM KJM

    vs.

H & M ROOFING, et al.,

    Defendants.                                <u>ORDER</u>

/

        Plaintiff's motion for sanctions for defendants' nonappearance at their depositions and motion to compel further responses to interrogatories, requests for admission and further production of documents came on regularly for hearing October 13, 2010. Norman Garcia appeared for plaintiff. Heather Candy appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

        1. The motion for sanctions and to compel attendance at depositions (docket no. 55) is granted in part:

                a. Defendants Marston and Horan shall appear within thirty days for their depositions in Sacramento at the federal courthouse, with any documents responsive to the deposition subpoenas to be issued, at a time to be noticed by plaintiff with eight days' notice.

1

Defendants are cautioned that failure to appear may result in their answers being stricken and defaults entered. Counsel may contact Courtroom Deputy Matt Caspar to schedule a room for the depositions.

   b. No later than October 15, 2010, plaintiff shall submit a letter brief, not to exceed five pages, stating the costs incurred in connection with defendants' nonappearance at duly noticed depositions. No later than October 20, 2010, defendants may file a responsive brief, not to exceed five pages.

   2. The motion to compel (docket nos. 52, 54) is granted in part:

   a. Defendants' general objections are overruled.

   b. No later than October 29, 2010, defendants shall, without objection, produce all documents responsive to requests for production of documents, nos. 4-6, 8-13, 15-19, 21, 48-50. Defendants may withhold from production, without identification on a privilege log, written communications between counsel and defendants after counsel was retained in anticipation of the instant litigation. The time period covered by the production of documents shall include all documents from 2002 to 2006. If defendants previously have provided responsive documents pre-litigation, defendants shall identify those documents responsive to individual document requests by Bates-stamped page numbers. Defendants shall further provide a statement from each defendant, under penalty of perjury, that he has personally conducted a good faith search for responsive documents and provided all such documents.

   c. No later than October 29, 2010, defendants shall, without objection, provide further responses to interrogatories nos. 6, 13, 15, 16, 17, 19, 21. All defendants also shall provide verifications by October 29.

   d. No later than October 29, 2010, defendants shall provide an unqualified admission or denial to requests for admission nos. 1 and 2 after a diligent search of documents sufficient to answer the requests. Requests for admission nos. 3 and 43 are deemed admitted.

/////

3. The parties are reminded that discovery disputes should first be resolved through good faith meeting and conferring. L.R. 251. If they are unable to reach a resolution, the parties may bring the matter before this court. In this case, the parties shall bring all prospective discovery disputes to the court's attention by jointly summarizing a dispute in a letter brief not exceeding four pages. The joint letter brief must attest that, prior to filing the request for relief, counsel met and conferred personally or by phone, and must concisely summarize those remaining issues counsel were unable to resolve. The letter brief may cite to limited and specific legal authority only for resolution of the dispositive issues. The letter brief shall not be accompanied by exhibits or affidavits; any excerpt of disputed discovery material must be set out verbatim or described in summary fashion in the letter. After receipt of the letter brief, the court will then advise the parties concerning whether additional briefing or a telephonic conference will be necessary.

DATED: October 15, 2010.

_____
U.S. MAGISTRATE JUDGE

006
solis-h&mroof.oah