LAWRENCE BREWSTER, Regional Solicitor
DAVID M. KAHN, Counsel for Employment Standards
NORMAN E. GARCIA, Senior Trial Attorney
California State Bar Number 215626
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7747
Facsimile: (415) 625-7772
email: Garcia.norman@dol.gov

Attorneys for Plaintiff, Hilda L. Solis, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | ) Case No.: 2:09-cv-03340-JAM-KJM ) ) |
| Plaintiff, v. | ) **CONSENT JUDGMENT FOR** ) **DEFENDANTS H&M ROOFING, INC.,** ) **TOD MARSTON AND TOM HORAN** ) |
| H & M ROOFING, INC., a corporation; TOD MARSTON, an individual; BRIAN ELLIS, an individual; and TOM HORAN, an individual, | ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor (the "Secretary") having filed her complaint, and Defendants H&M Roofing, Inc., Tod Marston, and Tom Horan ("Defendants") having appeared through counsel, having answered the complaint, having been duly advised on the proceedings, without admitting to the allegations contained within the complaint, agree to the entry of this Consent Judgment in settlement of this case without contest.

PDF created with pdfFactory trial version www.pdffactory.com

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, (hereafter the "Act" or the "FLSA"), that Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

1.      Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act).

2.      Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed.

3.      Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR Part 516.

4.      Defendants H&M Roofing, Inc., Tod Marston and Tom Horan shall not withhold the payment of $44,840.96 which represents a portion of the unpaid overtime compensation

PDF created with pdfFactory trial version www.pdffactory.com

hereby found to be due, for the period from May 1, 2005, to October 31, 2005, to the present and former employees named in Exhibit A, attached hereto and made a part hereof.

5.    Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to them or to someone else for them, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from Defendants under the provisions of this judgment or the Act.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the Act, in favor of the Secretary and against Defendants H&M Roofing, Inc., Tod Marston and Tom Horan in the total amount of $60,000.

6.    Defendants H&M Roofing, Inc., Tod Marston and Tom Horan agree that they are jointly and severally liable for paying to the Secretary the sum of $44,840.96, which represents a portion of the unpaid overtime compensation hereby found to be due, for the period from May 1, 2005, to October 31, 2005, to the present and former employees named in Exhibit A, attached hereto and made a part hereof.  This payment shall be made in a lump sum not later than 60 days after the Court enters the Consent Judgment.

7.    Defendants H&M Roofing, Inc., Tod Marston and Tom Horan further agree that they are jointly and severally liable for paying to the Secretary the additional sum of $10,159.04 as liquidated damages hereby found to be due, for the period from May 1, 2005, to October 31,

PDF created with pdfFactory trial version www.pdffactory.com

2005, to the present and former employees named in Exhibit A, attached hereto and made a part hereof.  This payment shall be made in a lump sum not later than 60 days after the Court enters the Consent Judgment.

8.      Defendants H&M Roofing, Inc., Tod Marston and Tom Horan further agree that they are jointly and severally liable for paying to the Secretary the additional sum of $5,000.00 as civil money penalties.  This payment shall be made in a lump sum not later than 60 days after the Court enters the Consent Judgment.

9      The provisions of paragraphs 4, 6, 7 and 8 of this Consent Judgment will be deemed satisfied where Defendants H&M Roofing, Inc., Tod Marston and Tom Horan comply with the following provisions:

a.      Defendants H&M Roofing, Inc., Tod Marston and Tom Horan shall cause to be delivered to the Wage and Hour Division, United States Department of Labor, Wage and Hour Division, Sacramento District Office, Federal Building, 2800 Cottage Way, Room W-1866; Sacramento, California  95825-1846, within 60 days of the Court entering this Consent Judgment a cashier's check or money order with their names "H&M Roofing, Inc., Tod Marston and Tom Horan," and "Back Wages and Liquidated Damages" written on it, payable to the order of the "Wage & Hour Div., Labor," in the amount of $55,000.

b.      Defendants H&M Roofing, Inc., Tod Marston and Tom Horan shall cause to be delivered to the Wage and Hour Division, United States Department of Labor, Wage and Hour Division, Sacramento District Office, Federal Building, 2800 Cottage Way, Room W-1866; Sacramento, California  95825-1846, within 60 days of the Court entering this Consent Judgment a check or money order with their names "H&M Roofing, Inc., Tod Marston and Tom Horan," and "Civil Money Penalties" written on it, payable to the order of the "Wage & Hour Div., Labor," in the amount of $5,000.

PDF created with pdfFactory trial version www.pdffactory.com

c.      In the event of any default in the timely making of any payment due under this Consent Judgment, the full gross amount (under the back wage, liquidated damages, and civil money provisions of this Judgment) that then remains unpaid (plus post-judgment interest, from the date this Judgment is entered until the full amount is paid in full, at the rate of 10 percent per annum on the full balance outstanding from time to time) shall become due and payable upon Plaintiff sending by ordinary mail a written demand to the last addresses of Defendants H&M Roofing, Inc., Tod Marston and Tom Horan known to the Plaintiff; the manner of the immediate payment shall, in the case of the back wages and liquidated damages, be a certified or cashier's check or money order with Defendants' name and civil action number from the caption on the first page of this Judgment and "net back wages and liquidated damages" written thereon payable to the order of the "Wage & Hour Div., Labor;" and shall, in the case of the civil money penalties and the interest on the back wages, liquidated damages, and civil money penalties, be a separate certified or cashier's check or money order with Defendants' name and civil action number and "civil money penalties and interest" written thereon payable to the order of the "Wage & Hour Div., Labor."  For the purposes of this paragraph, a "default" is deemed to occur if payment is not delivered within 5 days of the due date.

10.      The Secretary shall allocate and distribute the remittances of the back wages and liquidated damages payment, or the proceeds thereof, less deductions for employees' share of Social Security and withholding taxes to the persons named in the attached Exhibit A, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

11.      The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section l6(b) of the

PDF created with pdfFactory trial version www.pdffactory.com

FLSA, 29 U.S.C. § 216(b), as to any employee not named on the Exhibit A attached to the Consent Findings and incorporated hereto by reference, nor as to any employee named on the Exhibit A for any period not specified herein for the back wage recovery provisions.

12.     The Secretary shall be responsible for deducting from the amounts paid to said persons at Exhibit A, the employee's share of federal withholdings and for remitting said withholdings to the appropriate federal agencies.

13.     Each party to this agreement shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated this 5th  day of November, 2010.


                              /s/ John A. Mendez
                              JUDGE JOHN A. MENDEZ
                              U.S. DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Defendants H&M Roofing, Inc., Tod Marston, and Tom Horan hereby consent to the entry of this judgment on this ____, day of October, 2010.

_____
HEATHER CANDY
Palmer Kazanjian Wohl Perkins LLP
520 Capitol Mall, Suite 600
Sacramento, CA 95814
(916) 442-3552
Fax: (916) 442-3606
Attorney for Defendants H&M Roofing, Inc., Tod Marston, and Tom Horan

_____
H&M ROOFING, INC.
Jack Holsey
President

_____
TOD MARSTON

_____
TOM HORAN

Dated:  October ____, 2010

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DAVID M. KAHN
Counsel for Employment Standards

_____
NORMAN E. GARCIA
Senior Trial Attorney
Attorneys for U.S. Department of Labor

Consent Judgment For Defendants H&M Roofing, Inc., Tod Marston And Tom Horan
Case No.: 2:09-cv-03340-JAM-KJM

7

1

**EXHIBIT A**

2

| EMPLOYEE | EMPLOYEE |
|---|---|
| Maurilio Garcia Bedolla | Jose Salazar-Jaramillo |
| Pablo Garcia Bedolla | Ruben Silvestre |
| Pedro Garcia Bedolla | Saul Soria |
| Carlos J. Casanova | Oscar Valadez |
| Leticia Ceja | Cher Vang |
| Carlos Arellano Escobar | Jose Vasquez |
| Hugo Garcia | |
| Javier Garcia | |
| Jorge Garcia | |
| Jose G Jimenez | |
| Jose Jimenez Jr. | |
| Jose Jimenez Sr. | |
| Lorenzo Lopez | |
| Jose Lozano | |
| Oscar Lozano | |
| Ricardo Marquez | |
| Joseph M. McCorckle | |
| Arturo Meza | |
| Miguel Meza | |
| Ricardo Moreno | |
| Jose Ortega | |
| Oscar Perez-Palacios | |
| Jesus Rangel | |
| Rogelio Rangel | |
| Jose Refugio | |
| Miguel Romo | |
| Gerardo Romo Perez | |
| Victor Romo Perez | |

Consent Judgment For Defendants H&M Roofing, Inc., Tod Marston And Tom Horan
Case No.: 2:09-cv-03340-JAM-KJM                                                        8

PDF created with pdfFactory trial version www.pdffactory.com